UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ARLANDUS M. NOLEN,

    Petitioner,

v.                                            Case No. 2:07-CV-90

GERALD HOFBAUER,                    HON. GORDON J. QUIST

    Respondent.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

The Court has before it Petitioner's Objection to the report and recommendation dated November 19, 2009, in which Magistrate Judge Greeley recommended that Petitioner's habeas petition be denied. Petitioner raised the following claims:

    I.      Lack of probable cause to bind Petitioner over for trial.

    II.     Violation of 14 day rule – right to speedy trial.

    III.    Violation of due process – destruction of evidence.

    IV.    Ineffective assistance of trial counsel.

    V.     Violation of constitutional right to a speedy trial.

    VI.    Presentation of false evidence.

    VII.   Petitioner was in shackles in the presence of the jury.

    VIII.  Trial court erred by assigning Petitioner an attorney that he had a conflict of interest with.

The magistrate judge concluded that all of Petitioner's claims should be rejected because they lack merit. First, regarding lack of probable cause and violation of the fourteen day rule under

M.C.L. § 766.4 and the 180 day rule under M.C.L. § 780.131, the magistrate judge concluded that these are solely issues of state law for which federal habeas relief is unavailable. Second, the magistrate judge concluded that the Michigan Court of Appeals properly considered the four factors in *Barker v. Mingo*, 407 U.S. 514, 92 S. Ct. 2182 (1972), in addressing Petitioner's speedy trial claim under the Sixth Amendment and, therefore, its rejection of that claim was not unreasonable. Third, the magistrate judge concluded that Petitioner could not show that his due process rights were violated when two pieces of evidence were destroyed before Petitioner could make a request for production because Petitioner failed to show either that the evidence was exculpatory or that the government destroyed it in bad faith. Fourth, the magistrate judge concluded that Petitioner's claim of ineffective assistance of counsel should be rejected because Petitioner failed to show that his counsel's alleged errors were not sound trial strategy. Fifth, the magistrate judge concluded that Petitioner's claim that the prosecutor elicited false testimony from Lieutenant Michael Yon should be rejected because Petitioner failed to show that false testimony was presented or that the prosecutor knowingly elicited false testimony. Sixth, the magistrate judge concluded that Petitioner's shackling claim should be rejected because Petitioner failed to show that prejudice resulted from any juror viewing him in shackles. Finally, the magistrate judge concluded that the Michigan Court of Appeals' decision rejecting Petitioner's claim that the trial court erred in reappointing Petitioner's counsel after Petitioner decided that he no longer represented himself was not unreasonable and that Petitioner's appellate counsel was not ineffective.

In his Objection, Petitioner focuses upon his claims of ineffective assistance of counsel, failure to appoint new counsel, shackling, and violation of his right to a speedy trial. Although Petitioner does not specifically address the other claims that the magistrate judge concluded should be rejected, Petitioner states that he relies on the same arguments for those claims that he presented

2

to the magistrate judge. Because Petitioner did not specifically object to those portions of the magistrate judge's report and recommendation, the Court will treat those claims as waived. As the Sixth Circuit has observed:

> This circuit has established that failure to file objections to a magistrate judge's report and recommendation constitutes a waiver of the right to appeal. *United States v. Real Prop. Located at 1184 Drycreek Rd., Granville, Ohio 43023*, 174 F.3d 720, 725 (6th Cir. 1999). [Plaintiff] did file a timely objection. However, not only must objections be timely, they must also be specific; an objection to the report in general is not sufficient and results in waiver of further review. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991).

*Thrower v. Montgomery*, 50 F. App'x 262, 263064 (6th Cir. 2002).

After conducting a *de novo* review of the report and recommendation, as well as Petitioner's Objection and the record, the Court concludes that the report and recommendation should be adopted and the petition denied.

With regard to his ineffective assistance claim, Petitioner spends much time complaining that his counsel failed to file motions, call witnesses, and secure evidence. Petitioner also complains that his counsel's voir dire focusing upon Petitioner's Muslim background and the jurors' possible prejudices against Muslims prejudiced his case. Finally, Petitioner contends that his counsel did not go over the case with him. In all of this, Petitioner still fails to show how his counsel's performance was deficient in any respect or why his counsel's actions cannot be considered sound trial strategy. Moreover, Petitioner wholly fails to "demonstrate prejudice by demonstrating 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *McElrath v. Simpson*, – F.3d – , 2010 WL 517412, at *4 (6th Cir. Feb. 12, 2010) (quoting *Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068 (1984)).

3

Petitioner contends that the magistrate judge's recommendation that Petitioner's claim regarding reappointment of his former counsel be denied is erroneous because there was a serious breakdown in communication between Petitioner and his counsel and Petitioner and his counsel had a conflict of interest. The Court rejects Petitioner's argument because Petitioner fails to show that his counsel, in fact, had a conflict of interest. Moreover, Petitioner's claim of dissatisfaction with his counsel is unsubstantiated in the record. The trial court granted Petitioner's request to represent himself, and later granted Petitioner's request to no longer represent himself by reappointing Petitioner's previous counsel. Because Petitioner never objected to the reappointment of his counsel, and never informed the trial court that he had serious problems with his counsel, the Michigan Court of Appeals' decision was not unreasonable.

Petitioner further contends that the magistrate judge erred in recommending that his shackling claim be rejected. Petitioner contends that he is entitled to habeas relief because the jurors saw Petitioner in shackles going in and out of the law library, being escorted to the restroom, and being transported to and from the jail. Petitioner further notes that the trial court permitted Petitioner's only witness to be shackled while testifying before the jury. Generally, a criminal defendant is entitled to appear before the jury without physical restraints, and this rule applies to the defendant's witnesses as well. *Harrell v. Israel*, 672 F.2d 632, 635 (7th Cir. 1982). However, the Court agrees with the magistrate judge that Petitioner failed to demonstrate that prejudice resulted from jurors viewing Petitioner or his defense witness in shackles, *see United States v. Waldon*, 206 F.3d 597, 607 (6th Cir. 2000), especially where the jurors were aware that Petitioner and his witness were prisoners at the time of the alleged crime and at the time of trial. Moreover, Petitioner claims that jurors observed him in shackles only briefly outside the courtroom, and there is no indication

4

in the record whether the restraints were actually visible to the jury. Thus, Petitioner is not entitled to relief on this claim.

Finally, Petitioner's Sixth Amendment speedy trial argument fails because it is based, at least in part, upon violation of state law. Moreover, Petitioner fails to show that the Michigan Court of Appeals' decision that much of the delay was substantially attributable to Petitioner's numerous motions, many of which were frivolous, was contrary to, or involved an unreasonable application of, federal law as determined by the Supreme Court of the United States.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Therefore, the Court has considered Petitioner's claims, including his objections, under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's denial of Petitioner's claims was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Therefore,

5

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued November 19, 2009 (docket no. 25) is **APPROVED AND ADOPTED** as the Opinion of this Court, and Petitioner's Objections (docket no. 29) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court.

A separate judgment will issue.


Dated: March 12, 2010                              /s/ Gordon J. Quist
                                                 GORDON J. QUIST
                                            UNITED STATES DISTRICT JUDGE